IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY DAVIS, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>: Case No. _____<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Target Corporation ("Target") removes this putative class action from the Court of Common Pleas of Philadelphia County, Pennsylvania, Case ID 221102675, to the United States District Court for the Eastern District of Pennsylvania.

Diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because this case is plead as a class action as defined under CAFA, the CAFA diversity of citizenship requirements are fully met, and the amount in controversy in this matter exceeds the sum, or value, of $5,000,000, excluding interest and costs.

In support of this Notice of Removal, Target states as follows:

### PROCEDURAL BACKGROUND

1. On November 29, 2022, Plaintiff filed a Complaint - Class Action (the "Complaint") in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned

1

*Timothy Davis, on behalf of himself and others similarly situated v. Target Corporation,* Case ID 221102675. Complaint, **Exhibit A**.

2. In his Complaint, Plaintiff alleges Target "violated the [Pennsylvania Minimum Wage Act] by failing to pay wages for time associated with certain required activities arising on [Target's] premises at the beginning and end of the workday." Complaint at p. 2, **Exhibit A**.

3. Plaintiff brings his claims as putative class actions, seeking to represent a class of "individuals who, during the past three years, have worked in [Target's] Pennsylvania distribution centers and been paid an hourly wage. Such individuals are referred to as "class members." *Id*., at ¶ 8. *See also id*., at ¶ 13 ("Plaintiff brings this lawsuit as a class action on behalf of all class members, as defined in paragraph 8 *supra*.").

4. Plaintiff could have originally filed this action against Target in this Court pursuant to 28 U.S.C. § 1332.

5. On December 8, 2022, Plaintiff served the Complaint. **Exhibit A,** at p. 1.

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because thirty (30) days have elapsed since Plaintiff served on Target the Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining 30-day removal period begins to run on the date of service of complaint).

7. Since Plaintiff filed his Complaint, no proceedings have been held in the Court of Common Pleas of Philadelphia County, Pennsylvania. In this case, to date, **Exhibit A** constitutes all of the process, pleadings, and orders Target has received. *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

8. When a plaintiff files suit in state court, but could have invoked the original jurisdiction of the federal court, the defendant may remove the action to federal court. 28 U.S.C.

§ 1441(a). Section 1441(a) of Title 28 of the United States Code provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because Plaintiff brings this action as a putative class action (*see* Complaint, ¶ 13), removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper under 28 U.S.C. §§ 1441(d), 1446, and 1453 because (i) the amount in controversy exceeds, in the aggregate, $5 million, excluding interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

9. Target is a Minnesota corporation. Complaint at ¶ 4, **Exhibit A**. Target has its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403. Declaration of Michael Brewer ("Brewer Declaration"), **Exhibit B**, at ¶ 3.

10. Target denies Plaintiff's factual allegations, and denies Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

---

[1] Target does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations this action can properly proceed as a class action. Target also does not concede any of Plaintiff's allegations constitute a cause of action against Target under applicable Pennsylvania law.

The Putative Class Has More Than 100 Members

11. Plaintiff asserts claims on behalf of a putative class comprised of "individuals who, during the past three years, have worked in [Target's] Pennsylvania distribution centers and been paid an hourly wage. Such individuals are referred to as "class members." Complaint at ¶ 8, **Exhibit A**. *See also id*., at ¶ 13 ("Plaintiff brings this lawsuit as a class action on behalf of all class members, as defined in paragraph 8 *supra*.").

12. Plaintiff alleges "[t]he class, upon information and belief, includes hundreds of individuals, all of whom are readily ascertainable based on [Target's] business records and are so numerous that joinder of all class members is impractible." *Id*., at ¶ 15.

13. Based on Plaintiff's class definition, and a review of Target's business records, the putative class includes 6,629 hourly workers who are, or were, employed at Target's Pennsylvania distribution centers in the last three years.[2] Brewer Declaration, **Exhibit B**, at ¶ 4. At its Chambersburg, Pennsylvania distribution center, Target employed 6,116 of those 6,629 individuals. *Id*. Target employed 513 of those 6,629 people at its Philadelphia Sortation Center. *Id*. Consequently, this test under CAFA is met.

The Jurisdictional Amount in Controversy Requirement Is Met

14. CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, excluding interest and costs." 28. U.S.C. § 1332(d)(2).

---

[2] For purposes of Target's removal, the data regarding putative class members is current through December 20, 2012.

15. Under CAFA, the claims of individual class members are aggregated to determine if the amount in controversy exceeds $5,000,000, excluding interest and costs. 28 U.S.C. § 1332(d)(6).

16. Target's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted). This statement is consistent with the Third Circuit historically applying a "liberal" standard when determining if the amount in controversy is satisfied for purposes of diversity jurisdiction. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 (3d Cir. 2003).

17. Target denies Plaintiff's factual allegations and denies him, or the class he seeks to represent, are entitled to any relief. At all relevant time, Target properly complied with Pennsylvania law. Plaintiff's allegations and prayer for relief, however, have "more likely than not" put into controversy an amount exceeding $5,000,000 when aggregating putative class members' class claims as set forth in 28 U.S.C. § 1332(d)(6).

18. In his Complaint, Plaintiff alleges:

> At the beginning of the workday, Plaintiff and other class members generally are required to walk within the distribution center to their assigned work locations and "clock in" for payroll purposes at time clocks located at or near the assigned work locations. Plaintiff, in absence of discovery, estimates that his mandatory pre-shift walking time generally took 5-7 minutes per day. Defendant did not pay Plaintiff for time associated with such mandatory pre-shift walking.

> At the end of the workday, Plaintiff and other class members generally are required to walk within the distribution center from their assigned work locations after "clocking out" for payroll purposes at time clocks located at or near the assigned work locations. Plaintiff, in the absence of discovery, estimates that his mandatory post-shift walking time generally took 5-7 minutes per day. Defendant did not pay Plaintiff for time associated with such mandatory post-shift walking.

Complaint at ¶¶ 10 and 11 **Exhibit A**.

19. Plaintiff further alleges "Plaintiff was a full-time employee generally scheduled to work 40 hours per week. As such, his paid time combined with his unpaid pre-shift and post-shift walking time generally totaled over 40 hours per week." *Id.* at ¶12. Plaintiff also alleges the putative class members are entitle to "receive overtime compensation 'not less than one and one-half-times' the employees regular hourly rate for all hours worked over 40 per week." *Id.*, at 26 (quoting and citing 43 P.S. § 333.104 (c)).

20. Among other things, Plaintiff, on behalf of himself, as well as the prospective class, seek an award of unpaid wages "including overtime wages" and attorneys' fees. *Id.*, Prayer for Relief, at pp. 6 and 7.

21. According to Plaintiff, the putative class period dates back three years to November 29, 2022. Complaint at ¶ 11, **Exhibit A**. Based on Plaintiff's class definition, and a review of Target's records, the putative class includes more than 6,629 members. Brewer Declaration, **Exhibit B**, at ¶ 5.

22. Plaintiff does not allege the amount he made on an hourly basis as a Target employee. Complaint, **Exhibit A**. However, on average, each of the 6,116 putative class members who worked at the Chambersburg, Pennsylvania distribution center earned $23.23 per hour. Brewer Declaration, **Exhibit B**, at ¶ 6. Additionally, on average, each of the 513 putative class members who worked at the Philadelphia Sortation Center earned $20.17 per hour. *Id.*

23. In the aggregate, the 6,629 putative class members worked 845,273 shifts. *Id.*, at ¶ 5. The 6,116 putative class members who worked at the Chambersburg, Pennsylvania distribution center worked 816,116 shifts, and the 513 putative class members who worked at the Philadelphia Sortation Center worked a total of 29,157 shifts. *Id.*

24. For purposes of removal only, Target estimates 14 minutes, or .233 of an hour, of alleged unpaid time each shift. Target's estimation is solely based on Plaintiff's own allegations contending Plaintiff, and the potential class members, are owed up to seven minutes at the beginning of each shift, and seven minutes at the end of each shift. Complaint at ¶¶ 10 and 11 **Exhibit A**.

25. Accordingly, because the 6,116 putative class members who worked at the Chambersburg, Pennsylvania distribution center worked 816,116 shifts at an average of $23.23 per hour, the 513 putative class members who worked at the Philadelphia Sortation Center worked a total of 29,157 shifts at an average of $20.17 per hour, and all of the supposedly worked (at minimum) .233 hours per shift of purportedly unpaid time, Plaintiff's claims for unpaid wages have placed *at least* $4,560,647.27 in controversy—*i.e.*, (816,116 shifts x .233 hours per shift x $23.23 per hour = $4,423,620.75 back wages for the Chambersburg, Pennsylvania distribution center) + (29,157 shifts x .233 hours per shift x $20.17 per hour = $137,026.52 back wages for the Philadelphia Sortation Center) = total back wages in controversy.[3] Brewer Declaration, **Exhibit B**, at ¶¶ 5 and 6.

---

[3] Plaintiff also alleges unpaid overtime as a result of the ostensible unpaid time worked. If all of the allegedly unpaid time worked were considered overtime, the amount in controversy regarding purportedly unpaid wages would rise to $6,625,951.95 calculated as follows: (816,116 shifts x .233 hours per shift x $23.23 per hour x 150% overtime premium = $6,625,951.95 back overtime wages for the Chambersburg, Pennsylvania distribution center) + (29,157 shifts x .167 hours per shift x $20.17 per hour x 150% overtime premium = $205,539.79 back overtime wages for the Philadelphia Sortation Center) = total back overtime wages in controversy = $6,831,491.74.

26. Additionally, Plaintiff seeks recovery of attorneys' fees. Applying a conservative fee request of 25% of the unpaid wages, Plaintiff's estimated claim for attorneys' fees is $1,140,161.81 (25% x $4,423,620.75 = $1,140,161.81).[4] *See Wood v. Saroj & Manju Invs. Phila. LLC*, No. 19-2820-KSM, 2020 WL 7711409, at *2 (E.D. Pa. Dec. 28, 2020) (awarding class counsel fees in the amount of 33% of the maximum settlement payment); *Galt v. Eagleville Hosp.*, 310 F. Supp. 3d 483, 489 (E.D. Pa. 2018) (concluding class counsel entitled to approximately 35% of the total settlement); *Graudins v. Kop Kilt, LLC*, No. 14-2589, 2017 WL 736684, at *10 (E.D. Pa. Feb. 24, 2017) (approving attorneys' fees at **30%** of the settlement amount); *Altnor v. Preferred Freezer Servs., Inc.*, 197 F. Supp. 3d 746, 764–69 (E.D. Pa. 2016) (approving plaintiffs' fees at 33%); *Mabry v. Hildebrandt*, No. CV 14-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) (collecting cases and concluding "in this Circuit, the percentage of the recovery award in FLSA common fund cases ranges from roughly 20–45%.") (citations omitted); *Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712, 719 (E.D. Pa. 2014) (awarding class counsel **25%**).

27. Between the alleged unpaid wages, including purportedly unpaid overtime pay, as well as the attorneys' fees Plaintiff seeks, the amount in controversy is conservatively $5,563,782.56 ($4,423,620.75 + $1,140,161.81 = $5,563,782.56), which exceeds the $5,000,000 CAFA threshold by more than $500,000.[5]

---

[4] Even if Plaintiffs' fees were approved at 20%, they would total $884,724.15 (25% x $4,423,620.75 = $884,724.15).

[5] Even if Plaintiffs' fees were approved at 20%, the total amount in controversy would be total $5,308,344.90 ($4,423,620.75 + $884,724.15 = $5,308,344.90), which exceeds the $5,000,000 CAFA threshold by more than $300,000.

Diversity of Citizenship Exists

28. At a minimum, one member of the putative class is a citizen of a different state than Target, and thus, there is minimal diversity of citizenship for purposes of removal under CAFA. 28 U.S.C. §1332(d).

29. For diversity purposes, a person is a "citizen" of the state in which he is domiciled when the Complaint is filed. *See Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); *Washington v. Hovensa LLC,* 652 F.3d 340, 344 (3d Cir. 2011). Plaintiff resides in, and is thus a citizen of, the State of Pennsylvania. Complaint, **Exhibit A**, ¶ 3.

30. Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2009).

31. Target is a Minnesota citizen because it is incorporated, and has its principal place of business, there. Complaint at ¶ 4, **Exhibit A**; Brewer Declaration, **Exhibit B**, at ¶ 3.

32. Accordingly, the minimal diversity needed for CAFA removal is present.

**ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

33. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Eastern District of Pennsylvania is the federal judicial district where the Court of Common Pleas of Philadelphia County, Pennsylvania is located, and where Plaintiff originally filed this action. Additionally, Plaintiff alleges her claims arose in Chambersburg, Pennsylvania, which is also located within the United States District Court for the Eastern District of Pennsylvania. *See generally* **Exhibit A**, Complaint.

34. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Pennsylvania, where the suit has been pending.

## CONCLUSION

35. This Court has jurisdiction over Plaintiff's claims by virtue of 28 U.S.C. §§ 1332(d), and this action is properly removable to federal court under 28 U.S.C. §§ 1441, 1446, and 1453.

36. If this Court questions the propriety of this Notice of Removal, Target asks this Court to issue an Order to Show Cause so Target may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, pursuant to 28 U.S.C. § 1441(a), and in conformity with the requirements set forth in 28 U.S.C. § 1446, Target removes this action to the United States District Court for the Eastern District of Pennsylvania, and respectfully asks the Court of Common Pleas of Philadelphia County, Pennsylvania to proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys for Defendant Target Corporation*

By:   s/ *Jacqueline R. Barrett*
1735 Market Street, Suite 3000
Philadelphia, Pennsylvania 19103
Phone:  215.995.2800
Fax:  215.99.2801

Date:   January 9, 2023

## **CERTIFICATE OF SERVICE**

I, Jacqueline R. Barrett, hereby certify, on January 9, 2023, Defendant Target Corporations' Notice of Removal was served via First Class, U.S. mail on the following:

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Deirdre A. Aaron
Michelle L. Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

Sarah R. Schalman-Bergen
Krysten Connon
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

/s/ *Jacqueline R. Barrett*
Jacqueline R. Barrett