# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
12/08/2022
CT Log Number 542814167

## Service of Process Transmittal Summary

**TO:**    EMPLOYEE RELATIONS
Target Corporation
1000 NICOLLET MALL, MS: CC-1810
MINNEAPOLIS, MN 55403-2542

**RE:**    **Process Served in Minnesota**

**FOR:**    Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TIMOTHY DAVIS, on behalf of himself and others similarly situated // To: Target Corporation |
| **CASE #:** | 221102675 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | CT Corporation System, Inc, Saint Paul, MN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/08/2022 at 12:49 |
| **JURISDICTION SERVED:** | Minnesota |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/08/2022, Expected Purge Date: 12/13/2022 |
| | Image SOP |
| | Email Notification,  EMPLOYEE RELATIONS  ct.service@target.com |
| **REGISTERED AGENT CONTACT:** | CT Corporation System, Inc |
| | 1010 Dale Street N |
| | Saint Paul, MN 55117 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                                Thu, Dec 8, 2022
**Server Name:**                         Drop Service

| | |
|---|---|
| Entity Served | TARGET CORPORATION |
| Case Number | 221102675 |
| Jurisdiction | MN |

| Inserts | | |
|---|---|---|
| | | |



## Business Record Details »

Minnesota Business Name
### Target Corporation

| | |
|---|---|
| **Business Type** | **MN Statute** |
| Business Corporation (Domestic) | 302A |
| | |
| **File Number** | **Home Jurisdiction** |
| 11-AA | Minnesota |
| | |
| **Filing Date** | **Status** |
| 02/11/1902 | Active / In Good Standing |
| | |
| **Renewal Due Date** | **Registered Office Address** |
| 12/31/2022 | 1010 Dale St N |
| | St Paul, MN 55117–5603 |
| | USA |
| | |
| **Number of Shares** | **Registered Agent(s)** |
| 6,005,000,000 | C T Corporation System |
| | |
| **Chief Executive Officer** | **Principal Executive Office Address** |
| BRIAN C CORNELL | 1000 Nicollet Mall |
| 1000 Nicollet Mall | Mpls, MN 55403 |
| Mpls, MN 55403 | USA |
| USA | |

Filing History

# Filing History

Select the item(s) you would like to order: | Order Selected Copies |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/11/1902 | Original Filing - Business Corporation (Domestic) | |
| | 02/11/1902 | Business Corporation (Domestic) Business Name (Business Name: Goodfellow Dry Goods Co.) | |

Peter Winebrake (80496)
Michelle L. Tolodziecki (329470)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Filed and Attested by the
Office of Judicial Records
29 NOV 2022 07:28 pm
KALOGRIAS

*Additional Counsel Listed on Signature Page*

| | |
|---|---|
| TIMOTHY DAVIS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | : PHILADELPHIA COUNTY<br>: COURT OF COMMON PLEAS<br>:<br>:<br>: FILED ELECTRONICALLY ON<br>: NOVEMBER 29, 2022<br>:<br>:<br>: CLASS ACTION<br>:<br>: JURY TRIAL DEMANDED |

## COMPLAINT – CLASS ACTION
### 10- Contract: Other

| NOTICE | AVISO |
|---|---|
| **You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**<br>*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br>**Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>1101 Market Street, 11ᵗʰ Floor<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701** | **Le han demandado a usted en la corte. Si usted quier defenderse de estas demandas expuestas en las pagina siguientes, usted tiene veinte (20) dias de plazo al partir de l fecha de la demanda y la notificacion. Hace falta ascentar un comparencia escrita o en persona o con un abogado entregar a la corte en forma escrita sus defensas o su objeciones a las demandas en contra de su persona. Se avisado que si usted no se defiende, la corte tomara medida y puede continuar la demanda en contra suya sin previo avis o notificacion. Ademas, la corte puede decidir a favor de demandante y requiere que usted cumpla con todas la provisiones de esta demanda. Usted puede perder dinero sus propiedades u otros derechos importantes para usted.**<br>*Lleve esta demanda a un abogado inmmediatamente. Si no tien abogado o si no tiene el dinero suficiente de pagar tal servicio Vaya en persona o llame por telefono a la oficina cuy direccion se encuentra escrita abajo para averiguar donde s puede conseguir asistencia legal.*<br>**Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>1101 Market Street, 11ᵗʰ Floor<br>Filadelfia, Pennsylvania 19107<br>(215) 238-1701** |

Case ID: 221102675

## COMPLAINT – CLASS ACTION

Timothy Davis ("Plaintiff") brings this class action lawsuit against Target Corporation ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and alleging that Defendant has violated the PMWA by failing to pay wages for time associated with certain required activities arising on Defendant's premises at the beginning and end of the workday. He alleges the following:

### JURISDICTION AND VENUE

1. This Court has personal jurisdiction over Defendant.

2. Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Defendant regularly conducts business in Philadelphia County. For example, Defendant operates retail stores throughout Philadelphia, including, *inter alia*, stores located at 1020 Broad Street, 1900 Chestnut Street, and 2001 Pennsylvania Avenue.

### PARTIES

3. Plaintiff is an individual residing in McConnellsburg, PA (Fulton County).

4. Defendant is a corporation headquartered in Minneapolis, MN and registered to do business in Pennsylvania.

### FACTS

5. Defendant is a retailer offering "everyday essentials and fashionable, differentiated merchandise at discounted prices" available for purchase "in stores or through our digital channels." *See* SEC Form 10-K for the Fiscal Year Ended January 29, 2022 ("Annual Report") at 2.

6. In order to support these retail operations, Defendant operates distribution centers. *See, e.g.,* Annual Report at 5 ("The vast majority of merchandise is distributed to our stores

2

through our network of distribution centers.").

7.    Defendant operates distribution centers throughout the United States. *See* Annual Report at 14.  Defendant's Pennsylvania distribution centers are located in Chambersburg (Franklin County), West Manchester Township (York County), Breinigsville (Lehigh County), and, upon information and belief, other locations.

8.    Defendant employs individuals who, during the past three years, have worked in its Pennsylvania distribution centers and been paid an hourly wage.  Such individuals are referred to as "class members."

9.    From approximately early-February 2022 until approximately late-March 2022, Defendant employed Plaintiff at its Chambersburg, PA distribution center and paid him an hourly wage.

10.    At the beginning of the workday, Plaintiff and other class members generally are required to walk within the distribution center to their assigned work locations and "clock-in" for payroll purposes at time clocks located at or near the assigned work locations.  Plaintiff, in the absence of discovery, estimates that his mandatory pre-shift walking time generally took 5-7 minutes per day.  Defendant did not pay Plaintiff for time associated with such mandatory pre-shift walking.

11.    At the end of the workday, Plaintiff and other class members generally are required to walk within the distribution center from their assigned work locations after "clocking-out" for payroll purposes at time clocks located at or near the assigned work locations. Plaintiff, in the absence of discovery, estimates that his mandatory post-shift walking time generally took 5-7 minutes per day.  Defendant did not pay Plaintiff for time associated with such mandatory post-shift walking.

3

Case ID: 221102675

12.    Plaintiff was a full-time employee generally scheduled to work 40 hours per week. As such, his paid time combined with his unpaid pre-shift and post-shift walking time generally totaled over 40 hours per week.

## CLASS ALLEGATIONS

13.    Plaintiff brings this lawsuit as a class action on behalf of all class members, as defined in paragraph 8 *supra*.

14.    This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Pennsylvania's class action requisites are satisfied.

15.    The class, upon information and belief, includes hundreds of individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

16.    Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

17.    Plaintiff and his lawyers will fairly and adequately represent the class members and their interests because, *inter alia*, (a) Plaintiff is represented by experienced counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class; (b) Plaintiff and his counsel are free of any conflicts of interest that prevent him from pursuing this action on behalf of the class; and (c) Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

18.    Questions of law and fact are common to all class members, because, *inter alia,*

4

this action concerns Defendant's common timekeeping, payroll, and compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable PMWA principles to common facts.

19.    A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*, the previously mentioned common questions of law and fact predominate over any questions affecting Plaintiff or any individual class member; the monetary damages sought are readily calculable and attributable to class members; and class litigation protects against the risk of inconsistent or varying adjudications that might result if individual class members pursued individual actions in multiple courthouses.

20.    Because Defendant conducts substantial business in Philadelphia County, this Court (which has well-established procedures and protocols for overseeing class litigation) is an appropriate forum for litigating of the claims of the entire class.

21.    The complexities of the issues and the expense of litigating separate claims of individual class members weigh in favor of class certification. For example, in the instant action, Plaintiff will seek and present evidence concerning Defendant's common payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as

5

to fairness to Defendant.

## COUNT I

22. All previous paragraphs are incorporated as though fully set forth herein.

23. Defendant is an employer covered by the PMWA's mandates.

24. Plaintiff and the class members are employees entitled to the PMWA's protections.

25. The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa. 2021).

26. The PMWA also requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

27. Defendant violated the PMWA by failing to pay Plaintiff and other class members for time associated with the pre-shift and post-shift walking time described herein.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the class, seeks the following relief: (i) unpaid wages (including overtime wages); (ii) prejudgment interest; (iii) litigation costs,

6

expenses, and attorney's fees; and (iv) any other relief this Court deems just and proper.[1]

Date:  November 29, 2022                                          Respectfully submitted,

Peter Winebrake (80496)
R. Andrew Santillo (93041)
Mark J. Gottesfeld (307752)
Deirdre A. Aaron (323389)
Michelle L. Tolodziecki (329470)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Sarah R. Schalman-Bergen (206211)
Krysten Connon (314190)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(267) 256-9973

*Plaintiff's Counsel*

---

[1] The Court's electronic docketing system requires all civil plaintiffs starting a lawsuit to state whether or not the damages sought exceed $50,000, and such information is automatically entered on a civil cover sheet. In docketing the instant complaint, Plaintiff's counsel will represent that the damages sought in this action exceed $50,000 because, *if* class certification is granted, the *classwide* damages will exceed $50,000. However, in the absence of class certification, Plaintiff's individual damages will fall below $50,000.

Case ID: 221102675

## VERIFICATION

I, _Timothy Davis_ , hereby state:

1.    I am a plaintiff in this action;

2.    I verify that the statements made in the accompanying complaint are true and correct to the best of my knowledge information and belief; and

3.    I understand that the statements in the complaint are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: _11/29/22_

_____
Signature

_Tim Davis_
Print Name