IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY DAVIS | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  23-89 |
| | : | |
| TARGET CORPORATION | : | |

# ORDER

**AND NOW**, this 1ˢᵗ day of December 2023, upon consideration of plaintiff's motion for class certification (DI 27), defendant's opposition (DI 29), plaintiff's reply (DI 31), and for reasons in the accompany Memorandum, it is **ORDERED** plaintiff's motion for class certification (DI 27) is **GRANTED** as follows:

1. This action is certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) for the following class: **All Progression Team Members who have been employed by Target at its Chambersburg Distribution Center at any time since November 29, 2019.** Based on the record presented, Mr. Davis has satisfied the four class certification requirements set forth in Rule 23(a): numerosity; commonality; typicality; and adequacy of representation. In addition, Mr. Davis has satisfied Rule 23(b)(3)'s requirements that (i) common questions of law or fact "predominate over any questions affecting only individual members" and (ii) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

2. The following law firms are appointed class counsel pursuant to Rule 23(g)(1): Winebrake & Santillo, LLC; Lichten & Liss-Riordan, P.C.; and Werman Salas P.C.

3. The "Notice of Class Action Lawsuit" form ("Notice Form") attached to Mr. Davis's motion as Exhibit A is approved because, based on our review, it "clearly and concisely state[s] in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an

appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

4. By class counsel's request, Settlement Services, Inc. ("SSI") will administer the distribution of the notice form to the class members, and class counsel will compensate SSI for all incurred fees and expenses. The notice process will go forward in accordance with the following deadlines:

| Deadline (Measured from Entry of Class Certification Order) | Task to be Completed |
|---|---|
| 15 business days | Target sends class counsel and SSI an Excel spreadsheet listing class member names and last known addresses. |
| 15 business days | Target sends SSI an Excel spreadsheet listing the last four digits of each class member's social security number. This spreadsheet should not be sent to Class Counsel, and nothing herein prevents Target from requiring SSI to enter into a confidentiality agreement covering the spreadsheet. |
| 20 business days | SSI checks all class member addresses against the National Change of Address Database and updates addresses as necessary. |
| 25 business days | SSI mails the Notice Form to each class member. Any Notice Forms returned to SSI with a forwarding address must be re-mailed to the forwarding address within 3 business days. |
| 65 business days | Postmark deadline for class member exclusion requests. |
| 70 business days. | SSI provides all exclusion requests to all counsel. |
| 72 business days. | Class counsel files all exclusion requests with Court. |

We find that the above procedures satisfy the requirement that class members receive "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).

_____
MURPHY, J.