**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY DAVIS | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  23-89 |
| | : | |
| TARGET CORPORATION | : | |

## ORDER

**AND NOW**, this 19th day of February 2025, upon considering Target's motion to decertify the class (DI 72), Target's motion to exclude expert testimony and opinions of Robert Radwin and Liesl Fox (DI 66), Mr. Davis's motion for partial summary judgment (DI 58), Target's motion for summary judgment (DI 60), all responsive briefing, and following oral argument on November 14, 2024, it is **ORDERED**:

1.      For the following reasons, **Target's motion to decertify the class (DI 72) is DENIED**.

a.      Timothy Davis, the named plaintiff, seeks overtime compensation under the Pennsylvania Minimum Wage Act (PMWA) for unpaid walking time.  On December 1, 2023, we certified the following class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3): "All Progression Team Members who have been employed by Target at its Chambersburg Distribution Center at any time since November 29, 2019."  DI 36.

b.      Target argues that the class should be decertified because Mr. Davis belatedly altered his legal theory of the case.  DI 72 at 11.  Target contends, based on Mr. Davis's deposition testimony, that he now seeks compensation for all time from the moment he entered Target's parking lot until he left the parking lot and time spent donning a harness before his shift.  *Id.*  According to Target, Mr. Davis's change in legal theory renders his claims atypical of the class and makes him an inadequate class representative.  *Id.* at 18-22.  Mr. Davis

responds that he seeks compensation for walking time and nothing else, and Target has not demonstrated a development in the litigation that justifies decertification.  DI 75.

      c.      An order granting class certification "may be altered or amended before final judgment."  Fed. R. Civ. P. 23(c)(1)(C).  Under this rule, district courts must reassess their certification rulings as the litigation develops.  *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 140 (3d Cir. 1998); *see Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982).  Still, we agree with other district courts that "decertification must be justified by actual, compelling developments in the litigation."  *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002, 2017 WL 3494221, at *3 (E.D. Pa. Aug. 4, 2017); *see Norman v. Trans Union, LLC*, 669 F. Supp. 3d 351, 367 (E.D. Pa. 2023) ("The essential question, however, is whether circumstances have changed since certification."); *Alberton v. Commonwealth Land Title Ins. Co.*, 299 F.R.D. 109, 113 (E.D. Pa. 2014) ("Changes . . . in the substantive or procedural law, will necessitate reconsideration of the earlier [class certification order]." (quoting *Nelson v. Astra Merck Inc.*, No. 98-1283, 1998 WL 737982, at *2 (E.D. Pa. Oct. 22, 1998))).

      d.      Mr. Davis's deposition testimony is not a factual or legal development justifying decertification.  Target cites no authority stating that a named plaintiff can unilaterally expand the scope of a class action through a few lines of deposition testimony.  Even if that were possible, Mr. Davis's deposition testimony does not evince a desire to alter the legal claims in this litigation.  Rather, we read the cited testimony as an effort by Mr. Davis, a lay person, to ascertain the meaning of the law, including the term "premises" as used in PMWA regulations, and apply the law to his own experiences at Target.[1]  Mr. Davis's pleadings, including his

---

[1] Mr. Davis first testified that his lawsuit seeks compensation "for the distance walking from coming into the building to getting clocked in," and that he was not seeking recovery for

motion for partial summary judgment, continue to assert a claim for walking time compensation only.  *See* DI 58; DI 59.  Class counsel reiterated at oral argument that Mr. Davis has not altered his claims.  *See Greenfield v. Villager Indus., Inc.,* 483 F.2d 824, 832 n.9 (3d Cir. 1973) ("Experience teaches that it is counsel for the class representative and not the named parties, who direct and manage these actions.").

    e. Under Rule 23, a representative party's legal claims or defenses must be "typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  A class representative satisfies this "typicality" requirement if his claims are "typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994).  Because Mr. Davis's deposition did not alter his legal claims, our typicality analysis from class certification remains valid.  *See* DI 35 at 5-6. Mr. Davis continues to satisfy the typicality requirement.

    f. A representative party in a class action must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  To assess adequacy, courts examine whether the "named plaintiff has the ability and the incentive to represent the claims of the class vigorously, that he or she has obtained adequate counsel, and that there is no conflict between the individual's claims and those asserted on behalf of the class."  *Hassine v. Jeffes*, 846 F.2d 169, 179 (3d Cir. 1988).  "The adequacy inquiry . . . serves to uncover conflicts of interest

---

time other than walking time.  DI 75-2 at 4.  In response to defense counsel's questions about his "understanding under Pennsylvania law," Mr. Davis "assume[d]" an employer's "premises" would include a parking lot.  *Id.* at 7.  Right after, when asked whether he alleges that he should be paid for parking lot time in the lawsuit, he said: "Sure."  *Id.*  When asked whether he is claiming that he should be paid until he left the premises, including the parking lot, he said "if that's the way the law's written, then, yeah, I feel that's how it *should* be."  *Id.* at 7-8 (emphasis added).  Similarly, Mr. Davis "assume[d]" that the lawsuit would include time spent donning his harness.  DI 72 at 76; DI 75 at 5.

between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *In re Nat'l Football League Players Concussion Injury Litig. (NFL)*, 821 F.3d 410, 431 (3d Cir. 2016).

   g. Target contends that, by asserting new legal theories, Mr. Davis has created a "conflict" between his interests and those of class members. DI 72 at 21-22. But because Mr. Davis's testimony did not actually alter the scope of his legal claims, any alleged conflict is "speculative or without basis." *In re Suboxone (Buprenorphine Hydrochlorine & Naloxone) Antitrust Litig.*, 967 F.3d 264, 273 (3d Cir. 2020). "Such hypothetical conflicts cannot defeat adequacy." *Id.* Mr. Davis's testimony reflects an imperfect understanding about the legal theory underlying this lawsuit, but, for class representatives, a "minimal degree of knowledge about the litigation is adequate." *NFL*, 821 F.3d at 430 (internal quotations omitted); *see Barnes v. Am. Tobacco Co.*, 176 F.R.D. 479, 486 (E.D. Pa. 1997) ("[I]t would be unrealistic . . . to require the named plaintiffs to have an in-depth understanding as to the legal theories behind their claim.").

   h. Target also contends that Mr. Davis's criminal history undermines his credibility, and thus adequacy, as a class member. DI 72 at 22. Even if we construe Target's discovery of Mr. Davis's prior retail theft convictions as a factual development, there is no evidence that the prior convictions undermine Mr. Davis's ability or incentive to represent the class's claims vigorously or otherwise create a conflict of interest. *See Hassine*, 846 F.2d at 179; *McCall v. Drive Fin. Servs. L.P.*, 236 F.R.D. 246, 251 (E.D. Pa. 2006) (concluding that the class representative's allegedly false testimony and prior felony convictions were "irrelevant to his ability to represent the class vigorously and responsibly"); *Barenbaum v. Hayt, Hayt & Landau, LLC*, No. 18-4120, 2019 WL 4305761, at *13 (E.D. Pa. Sept. 10, 2019) (concluding

that a prior misdemeanor theft conviction did not cast doubt on whether the class representative could vigorously prosecute the case or "rise to the level of reprehensibility necessary" to render him inadequate). We cannot agree that Mr. Davis's prior retail theft convictions create a conflict between him and the class in a lawsuit for overtime compensation under the PMWA. Mr. Davis remains an adequate class representative. *See* DI 35 at 6-7. Decertification is not justified on adequacy grounds.

2.      For the following reasons, **Target's motion to exclude expert testimony and opinions from Robert Radwin and Liesl Fox (DI 66) is DENIED**.

a.      Mr. Davis hired Dr. Radwin to analyze the time that it takes employees to walk between the entrance and various time clocks within Target's Chambersburg distribution center. DI 74 at 9. He hired Dr. Fox to calculate overtime damages associated with the unpaid walking time.[2] *Id.* at 11.

b.      Target moves to exclude Dr. Radwin's and Dr. Fox's testimony and opinions because they do not "fit" Mr. Davis's new legal theories, supposedly advanced in his deposition, that he seeks damages for all time from the moment he entered Target's parking lot and time spent donning a harness. DI 67. Mr. Davis responds that he only seeks damages for unpaid walking time, and the proposed testimony fits this legal theory. DI 74.

c.      A party offering expert opinions and testimony has the burden of demonstrating "by a preponderance of proof" that the testimony at issue satisfies the requirements of Federal Rule of Evidence 702. *Oddi v. Ford Motor Co*., 234 F.3d 136, 144 (3d

---

[2] Mr. Davis suggests in his response that he does not seek to offer Dr. Fox as an expert under Rule 702 but rather as a witness to testify about damages computations. DI 74 at 16. Because both parties briefed the issue, we nonetheless assess Dr. Fox's potential testimony for "fit" under Rule 702.

Cir. 2000) (quoting *Daubert v. Merrell Dow*, 509 U.S. 579, 593 n.10 (1993)).  Before expert

testimony can reach the jury, the court must evaluate it for qualifications, reliability, and fit.  *See*

*In Re Paoli*, 35 F.3d 717, 741-43 (3d Cir. 1994).  The "fit" question "is one of relevance[,] and

expert evidence which does not relate to an issue in the case is not helpful."  *In re TMI Litig.*,

193 F.3d 613, 670 (3d Cir 1999).  The standard for fitness is "not that high" but is "higher than

bare relevance."  *Paoli*, 35 F.3d at 745.  To determine fitness, we ask "whether it 'will help the

trier of fact to understand the evidence or to determine a fact in issue.'"  *UGI Sunbury LLC v. A*

*Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 835 (3d Cir. 2020) (quoting Fed. R. Evid.

702(a)).

        d.     As discussed above, Mr. Davis's deposition testimony did not alter his

legal claims.[3]  Mr. Davis's lawsuit seeks overtime damages for unpaid walking time under the

PMWA.  Dr. Radwin's analysis quantifies the walking time at issue.  Dr. Fox's analysis

calculates the overtime damages owed to class members for this walking time.  We agree with

Mr. Davis that both Dr. Radwin's and Dr. Fox's opinions directly bear on facts at issue in this

litigation.  *See* DI 74 at 15.  Both opinions easily meet the standard of Rule 702.  Accordingly,

Target's motion is denied.

        3.     For the reasons stated in the attached Memorandum, **Mr. Davis's motion for**

**partial summary judgment (DI 58) is GRANTED.  Target's motion for summary judgment**

**(DI 60) is GRANTED in part and DENIED in part**.  The time during which class members

walk from the warehouse entrance to their assigned home departments before their scheduled

---

[3] Even if Mr. Davis had altered his legal theories, which he did not, Target's motion would lack merit.  The walking time claim would still be part of the lawsuit, and therefore, Dr. Radwin's and Dr. Fox's analyses of walking time and associated damages would still assist the trier of fact.

shifts, and from their home-department time clocks to the warehouse exit after clocking out at the end of their shifts, is compensable as "hours worked" under the PMWA.  Target cannot assert a de minimis defense to overtime liability under the PMWA.  The damages case will proceed.

4.      But for the reasons stated in the attached Memorandum, Target's motion for summary judgment as to the 2,195 class members without overtime damages (DI 60) is granted in that the 2,195 class members identified as having no overtime damages through December 30, 2023 are **DISMISSED WITHOUT PREJUDICE**.


**MURPHY, J.**