UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TIMOTHY DAVIS, on behalf of himself and others similarly situated, | : : : : : : : : : : : | 2:23-cv-00089-JFM |
| Plaintiff, |  |  |
| v. |  |  |
| TARGET CORPORATION, |  |  |
| Defendant. |  |  |

**PLAINTIFF'S UNOPPOSED MOTION FOR
"PRELIMINARY APPROVAL" OF CLASS
ACTION SETTLEMENT AND OTHER RELATED RELIEF**

In this class action lawsuit, Plaintiff Timothy Davis ("Plaintiff") alleges that Defendant Target Corporation ("Defendant" or "Target") violated the Pennsylvania Minimum Wage Act ("PMWA") by failing to pay him and other warehouse employees overtime wages for pre-shift and post-shift walking time within Defendant's Chambersburg Distribution Center in Pennsylvania. *See generally* DI No. 1. The Court has certified the class and held that the walking time is compensable. However, the classwide damages associated with such walking time (as well as the attorney's fees/expenses owed to Plaintiff's counsel) remain in dispute. As discussed herein, the parties have agreed to settle the remaining disputes in order to avoid the risk, delay, and expense of continued litigation (including appeals from the Court's prior rulings). As is widely known, class action settlements are favored because they conserve "substantial judicial resources" and enable parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *In re GMC Pick-Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 784 (3d Cir. 1995).

The Parties' class action Settlement Agreement and Release ("Agreement") is attached and covers a settlement class that stems directly from the Class this Court previously certified in

December 2023. *See* DI 35. Specifically, the settlement class includes all individuals employed as Progression Team Members at Target's Chambersburg Distribution Center at any time between November 29, 2019 and September 8, 2025, excluding: (1) the 1,957 individuals previously dismissed by the Court's summary judgment order, as amended (DI No. 101); and (2) the 20 individuals who previously elected to exclude themselves from this Action (DI No. 52). The 3,100 Class Members are identified in Exhibits A and B to the Agreement. *See* DI No. 109-1 at Exs. A & B.

The settlement requires Target pay $1,850,000 plus any associated employer-side taxes. If approved, the $1,850,000 payment will be distributed as follows: **(i)** $1,196,834 will be paid to the Class Members; **(ii)** $616,666 will be paid to Class Counsel for attorneys' fees, costs; **(iii)** an amount not to exceed $21,500 will be paid for the costs of settlement administration; and **(iv)** a $15,000 Service Award will be paid to Plaintiff. *See* DI 109-1 at ¶¶ 7; 26, 29. The settlement requires Plaintiff, on behalf of the entire class, to release claims as set forth in the Agreement.

The settlement is the result of extensive, arms'-length bargaining between the Parties after lengthy and contentious litigation and represents a substantial result for Class Members considering the relatively narrow parameters of this litigation, which concerns the compensability of alleged pre and post-shift walking time within the Chambersburg Distribution Center. In exchange for these payments, Class Members who do not opt out are bound by a release that is narrowly tailored to this litigation. *See id.* at ¶ 14 (defining "Released Claims"). Moreover, Target's settlement payment is non-reversionary, and Class Members are not required to return a claim form in order to recover money, *see id.* at ¶¶ 23, 25.[1]

---

[1]    *See Roes v. SFBSC Management, LLC*, 944 F.3d 1035, 1058-59 (9th Cir. 2019) (describing the "perverse incentives" associated with reversionary, claims-made settlements).

Now that the Agreement has been executed, it must be reviewed for fairness per FRCP 23's "two-stage" process, which has been described as follows:

> Review of a proposed class action settlement typically proceeds in two stages. At the first stage, the parties submit the proposed settlement to the court, which must make "a preliminary fairness evaluation." If the proposed settlement is preliminarily acceptable, the court then directs that notice be provided to all class members who would be bound by the proposed settlement in order to afford them an opportunity to be heard on, object to, and opt out of the settlement. At the second stage, after class members are notified of the settlement, the court holds a formal fairness hearing where class members may object to the settlement. If the court concludes that the settlement is "fair, reasonable and adequate, the settlement is given final approval.

*In re NFL Players' Concussion Injury Litig.*, 961 F. Supp. 2d 708, 713-14 (E.D. Pa. 2014) (Brody, J.) (internal citations omitted).

Under Rule 23, preliminary approval is appropriate if, at the post-notice final approval stage, the Court "will likely be able to":  (i) give final approval of the settlement under the criteria described in Rule 23(e)(2) and (ii) certify the settlement class. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). Here, the preliminary approval standard is satisfied:

First, Rule 23(e)(1)(B)(ii)'s requirement that the Court "will likely be able to" certify the settlement class is already satisfied because the settlement class stems directly from the class that Court certified in December 2023. *See* DI 35.

Second, with respect to Rule 23(e)(1)(B)(i), the Court "will likely be able to" give final approval to the settlement under Rule 23(e)(2) because:

(A)  Plaintiff and class counsel have adequately represented the class;

(B)  the proposal was negotiated at arm's length;

(C)  the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified

under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Finally, the proposed notice form and protocols constitute "the best notice that is practicable" under the criteria described in Rule 23(c)(2)(B).

**WHEREFORE**, Plaintiff respectfully asks the Court grant this motion and enter the accompanying proposed order.

Date: November 6, 2025

Respectfully,

/s/ *Deirdre Aaron*
Peter Winebrake
Deirdre Aaron
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Sarah R. Schalman-Bergen
Krysten Connon
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(267) 256-9973

Maureen A. Salas (*pro hac vice*)
Werman Salas P.C.
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

*Class Counsel*